IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CARRIE LUCZAK,

    Plaintiff,

vs.                                Case No._____

SPIVEY DENTAL OF OCALA, P.A.,
SPIVEY DENTAL OF CALA HILLS,
P. A., CENTRAL FLORIDA DENTAL
CENTERS, P.A. and DR. BEN
SPIVEY, DDS.
    Defendants.
_____/

## COMPLAINT

COMES NOW the Plaintiff, CARRIE LUCZAK, by and through her undersigned attorney, and sues the Defendants, SPIVEY DENTAL OF OCALA, P.A., SPIVEY DENTAL OF CALA HILLS, P.A., CENTRAL FLORIDA DENTAL CENTERS, P.A. and DR. BEN SPIVEY, DDS (hereinafter referred to collectively as the "Defendants"), and alleges as follows:

### INTRODUCTION

1. This is an action by the Plaintiff against her former employers for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages and a reasonable attorney's fee.

### JURISDICTION

2. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.* The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

### VENUE

3.  The venue of this Court over this controversy is proper based upon the claim arising in Ocala, Marion County, Florida.

## PARTIES

4.  Plaintiff, CARRIE LUCZAK, became employed and hired by Defendants on or about June 2006, and worked for Defendants as a dental assistant at Defendants' office located in Ocala, Florida. Plaintiff's work with Defendants terminated on or about March 8, 2007.

5.  The Defendant, SPIVEY DENTAL OF OCALA, P.A, is a professional association formed and existing under the laws of the State of Florida and during Plaintiff's employment was an employer as defined by 29 U.S.C. §203(d).

6.  The Defendant, SPIVEY DENTAL OF CALA HILLS, P.A, is a professional association formed and existing under the laws of the State of Florida and during Plaintiff's employment was an employer as defined by 29 U.S.C. §203(d).

7.  The Defendant, CENTRAL FLORIDA DENTAL CENTERS, P.A. is a professional association formed and existing under the laws of the State of Florida and during Plaintiff's employment was an employer as defined by 29 U.S.C. §203(d).

8.  Plaintiff was an employee of SPIVEY DENTAL OF OCALA, P.A.; SPIVEY DENTAL OF CALA HILLS, P.A. and CENTRAL FLORIDA DENTAL CENTERS, P.A and at all times relevant to the violations of the FLSA was engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

9.  Throughout Plaintiff's employment with Defendants, the Defendants SPIVEY DENTAL OF OCALA, P.A SPIVEY DENTAL OF CALA HILLS, P.A. and CENTRAL FLORIDA DENTAL CENTERS, P.A constituted an enterprise engaged in

commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(s)(1).

10. Throughout Plaintiff's employment, Defendant DR. BEN SPIVEY, DDS acted directly or indirectly in the interest of Defendants, SPIVEY DENTAL OF OCALA, P.A., SPIVEY DENTAL OF CALA HILLS, P.A. and CENTRAL FLORIDA DENTAL CENTERS, P.A in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work and was an employer as defined by 29 U.S.C. §203(d).

11. Throughout Plaintiff's employment with Defendants, SPIVEY DENTAL OF OCALA, P.A., SPIVEY DENTAL OF CALA HILLS, P.A. and CENTRAL FLORIDA DENTAL CENTERS, P.A. were joint employers of the Plaintiff as defined by 29 CFR §791.2(b).

9. Throughout Plaintiff's employment, the Defendants repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff at a rate not less than one and one-half time the regular rate at which she was employed for workweeks longer than forty (40) hours. Specifically, Plaintiff worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which she was employed.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally liable, for the following:

(a) Unpaid overtime wages found to be due and owing;

(b)  An additional amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c)  Prejudgment interest in the event liquidated damages are not awarded;

(d)  A reasonable attorney's fee and costs; and

(e)  Such other relief as the Court deems just and equitable.

DATED this 24th day of May, 2007

_____
Charles Scalise, Esq.
Florida Bar No. 0776327
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, 16th Floor
P.O. Box 4979
Orlando, Florida 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 423-7928
E-mail: cscalise@forthepeople.com
**Attorneys for Plaintiff**