UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CARRIE LUCZAK,

    Plaintiff,

    v.                                 Case No.: 5:07-cv-220-00-10GRJ

SPIVEY DENTAL OF OCALA, P.A.,
SPIVEY DENTAL OF CALA HILLS, P.A.,
CENTRAL FLORIDA DENTAL CENTERS,
P.A., and DR. BEN SPIVEY, DDS

    Defendants.
_____/

## **PLAINTIFF'S UNILATERAL CASE MANAGEMENT REPORT**

Plaintiff forwarded a copy of the proposed Case Management Report to Defendant on **April 08, 2008.** Since that time, Plaintiff's counsel has attempted to secure Defendant's comments to, and participation regarding, the completion of this Report. Specifically, Plaintiff called and/or e-mailed Defendant's counsel on April 18, 2007, April 23, 2008, and again on April 24, 2008 and April 25, 2008. Plaintiff's counsel advised that due to timing requirements, if she did not receive Defendant's participation in this Report, she would have no choice but to unilaterally file same with the Court. While Plaintiff recognizes that this Court does not look favorably on unilateral submissions in this regard, Plaintiff, in an abundance of caution, seeks to avoid a dismissal of her claims for failure to comply with this Court's Order to Show. Thus, if Defendant finally elects to participate in the preparation and filing of a Case Management Report, Plaintiff gladly will participate in same.

1. <u>Meeting of Parties</u>: Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on _____, (date) at _____ (time) (check one) (X) by telephone and was attended by:

   <u>Name</u>     <u>Counsel for (if applicable)</u>

  Kelly Amrrit, Esquire      Counsel for Plaintiff
  S. Ray Gill, Esquire      Counsel for Defendant

2. <u>Initial Disclosures</u>:

  a. Fed. R. Civ. P.26 (a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachments; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed.R. Civ.P.26(a)(1).[1]

 The parties (check one)

   X    have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before **May 20, 2008** (date).[2]

---

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. See Fed. R. Civ.P. 26(a)(1).

[2] Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 25(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed.R.Civ.P. 26(a)(1). Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. See Fed. R. Civ. P. 26(a)(1).

  _____ stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:
_____
_____
_____
_____

  _____ have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)(D). (Identify party or parties)_____objects to disclosure of such information for the specific reason(s) that:
_____
_____
_____
_____.

3. <u>Discovery Plan-Plaintiff</u>: The parties jointly propose the following Plaintiff's discovery plan:

 a. <u>Plaintiff's Planned Discovery</u>: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which they discovery will be pursued:

  (1) <u>Requests for Admission</u>:

In accordance with Rule 36 of the Federal Rules of Civil Procedure, Plaintiff intends to serve Requests for Admissions upon Defendants pertaining to, among other topics, enterprise coverage under the Fair Labor Standards Act ("FLSA"), hours worked by Plaintiff for Defendants during his employment, amounts paid to Plaintiff during his employment with Defendants, and Defendants' prior efforts to comply with the FLSA. Plaintiff intends to serve such Requests for Admissions shortly after submission of this Case Management Report to this Court.

Number of Request for Admissions: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26 (b)(2). Any such request must be made in paragraph 6 below and approved by the court.

  (2) <u>Written Interrogatories</u>:

In accordance with Rule 33 of the Federal Rules of Civil Procedure, Plaintiff intends to serve Interrogatories upon Defendants pertaining to, among other topics, the identity of witnesses with knowledge of Plaintiffs' claims or Defendant's defenses and the basis of such knowledge, the identity of other "similarly situated" employees to Plaintiff, the manner in which Plaintiff was paid and the person(s) responsible for making the decision to pay Plaintiff in that

regard, enterprise coverage under the FLSA, hours worked by Plaintiff for Defendants during his employment, amounts paid to Plaintiff during his employment with Defendants, and Defendants' prior efforts to comply with the FLSA. Plaintiff intends to serve such Interrogatories shortly after submission of this Case Management Report to this Court.

Number of Interrogatories: Local Rules 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

    (3) Requests for Production or Inspection:

In accordance with Rule 34 of the Federal Rules of Civil Procedure, Plaintiff intends to serve Requests for Production upon Defendants requesting documents pertaining to, among other topics, the identity of witnesses with knowledge of Plaintiffs' claims or Defendant's defenses and the basis of such knowledge, the identity of other "similarly situated" employees to Plaintiff, Defendants' pay policies and procedures, Defendants' tax returns (if enterprise coverage is disputed), the manner in which Plaintiff was paid and the person(s) responsible for making the decision to pay Plaintiff in that regard, Plaintiff's pay and time records, and Defendants' prior efforts to comply with the FLSA. Plaintiff intends to serve such Requests for Production shortly after submission of this Case Management Report to this Court.

    (4) Oral Depositions:

Plaintiff intends to depose, among other individuals, Defendants' Rule 30(b)(6) corporate representative with knowledge regarding the hours worked by Plaintiff, the titles, responsibilities and duties of Plaintiff, and the manner in which Plaintiff was compensated while in the employ of the Defendant. Additionally, Plaintiff likely will depose any individuals identified as witnesses by Defendants in their Initial Disclosures and Interrogatory Responses.

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed.R.Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition:	Each deposition is limited to one day of seven hours in accordance with Fed.R.Civ.P.30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

None at this time.

　　b. Disclosure of Expert Testimony:  Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P.26(a)(2) disclosure will be due as noted here: **June 30, 2008**

　　c. Supplementation of Disclosures and Responses:  Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times: Within ten (10) business days of learning and/or discovering the information to supplemented pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

　　d. Completion of Discovery:  Plaintiff will commence all discovery in time for it to be completed on or before **September 20, 2008** (date).

4.　　　　Discovery Plan – Defendant:  The parties jointly propose the following Defendant's discovery plan:

　　a. Defendant's Planned Discovery:  A description of every discovery effort Defendant plans to pursue is described below.  The description of each discovery effort will be listed under the appropriated heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

　　　　(1) Requests for Admission:

　　Number of Requests for Admission:  Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ.    P.26(b)(2). Any such request must be made in paragraph 6 below and　　approved by the court.

　　　　(2) Written Interrogatories:

Number of Interrogatories:  Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve
upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including
all parts and subparts." Any request by Defendant to exceed this limit  must be made in paragraph 6 below and approved by the court.

　　　　(3) Request for Production or Inspection:

　　　　(4) Oral Depositions:

Number of Depositions:  Local Rule 3.02(b) provides, "[i]n accordance with Fed. R.

Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The Parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed length of Deposition | Grounds |
|---|---|---|

  b. <u>Disclosure of Expert Testimony:</u> Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due noted here: **August 20, 2008**

  c. <u>Supplementation of Disclosures and Responses:</u> Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times: Within ten (10) business days of learning and/or discovering the information to supplemented pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

  d. <u>Completion of Discovery:</u> Defendant will commence all discovery in time for it to be completed on or before **September 20, 2008** (date).

  5.    <u>Joint Discovery Plan-Other Matters</u>: Parties agree on the following other matters relating to discovery (e.g., handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues): Other than the items identified in No. 6, below, the parties have no other discovery proposals at this time.

  6.    <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>: Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:

Plaintiff anticipates that a number of current and former employees of Defendants will become party plaintiffs in this case. Accordingly, Plaintiff proposes that the limit on the number of depositions that may be conducted under the Federal and Local Rules of Civil Procedure be relaxed to accommodate the taking of these multiple depositions.

In light of this case being filed as a collective action, Plaintiff requests that this Court permit Plaintiff to conduct expedited discovery prior to the deadline for Plaintiff to file a Motion to Permit Notification to Potential Class Members of their Opt-In Rights

("Motion to Permit Notification"). Additionally, Plaintiff requests that once such Motion to Permit Notification is filed, that this Court not permit any deviation from the timing/briefing requirements to respond to same, and that an expedited ruling on the Motion to Permit Notification be made.

The purpose for this request is that the statute of limitations will continue to run against all unnamed plaintiffs until they become aware of this lawsuit, and file their Notice of Consent to join this lawsuit. Defendants, therefore, have a significant financial interest in delaying these proceedings and allowing the statute of limitations to continue to run.

The class of similarly situated individuals who will opt-in to this lawsuit are low paid workers of Defendants. Presumably, these employees have little or no access to counsel, knowledge of their rights, or the ability to vindicate their FLSA rights on their own behalf. If these individuals are denied prompt notification of their rights, this will result in the ultimate effect of those employees forfeiting their right to overtime compensation.

Plaintiff maintains that the proposals requested above will provide for a fair and orderly method for litigating this action. To the extent this action expands to a collective action as intended, the parties likely will require additional guidance as to any scheduling and procedural matters that are affected. If the Court is inclined to address these special scheduling and procedural at this early stage in the litigation process, the parties likely can avoid any unnecessary filing of motions and delay moving forward. Regardless of how the court rules regarding these proposals, the parties will meet before the scheduled Pretrial Conference to discuss any proposals for the formulation and simplification of issues.

7.  **Third Party Claims, Joinder of Parties, Potentially Dispositive Motions**: Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties, motions for summary judgement, and all other potentially dispositive motions should be **October 20, 2008** (Note time limit in Local Rule 4.03.)

8.  **Settlement and Alternative Dispute Resolution**: Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Parties agree that settlement is
X     likely        (check one)
____  unlikely

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).
_____yes    X    no        _____likely to agree in future

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to

Chapter Nine of the Local Rules of the Middle District of Florida, or both.

      9. <u>Consent to Magistrate Judge Jurisdiction:</u>  The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. <u>See</u> 28 U.S.C. § 636.

_____yes   X       \_no    _____likely to agree in future

      10.   <u>Preliminary Pretrial Conference:</u>
Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Track Two Cases:  Parties
\_\_\_	request  (check one)
X	do not request
a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

      11.   <u>Final Pretrial Conference and Trial:</u>  Parties agree that they will be ready for a final pretrial conference on or after **November 25, 2008**, (date) and for trial on or after **January 15, 2009** (date). This **Jury** X **Non-Jury** \_\_\_ trial is expected to take approximately **3** days.

      12.   <u>Pretrial Disclosures and Final Pretrial Procedures:</u> Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

      13.   <u>Other Matters:</u> None at this time.

      Date: <u>April 25, 2008</u>_____

      Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties

.

**/s KELLY AMRITT**
Kelly Amritt, Esq..
FL Bar No.: 648779
MORGAN & MORGAN
7450 Griffin Road, Suite 230
Davie, Florida 33314
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: Kamritt@forthepeople.com

Trial Counsel for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which I understand will send a notice of electronic filing to the following:

S. Ray Gill, Counsel for Defendant
613 S. E. Fort King Street
Ocala, Florida 34471

            **/s KELLY AMRITT**
            KELLY AMRITT